UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**George L. Russell, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

March 30, 2016

MEMORANDUM TO COUNSEL RE:   <u>Board of Trustees of the International Union of Operating Engineers, Local 37 Benefit Funds v. Chesapeake Crane Service, Inc., et al.</u>
Civil Action No. GLR-13-1245

Dear Counsel:

Pending before the Court is Defendant Daniel T. Donatelli's Motion for Relief from Judgment. (ECF No. 22). The Motion is ripe for disposition. The Court, having reviewed the Motion and Opposition thereto (ECF No. 25), finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons outlined below, the Motion will be granted.

The background facts and procedural history are briefly outlined in the Court's August 7, 2013 Letter Order. (<u>See</u> ECF No. 11). In sum, the Board sought unpaid contributions that Defendants Chesapeake Crane Service, Inc. ("Chesapeake") and Donatelli owe pursuant to a series of collective bargaining agreements. The Clerk issued Summonses (ECF No. 2) and, on May 7, 2013, Plaintiff Board of Trustees of the International Union of Operating Engineers, Local 37 Benefits Funds' (the "Board") filed Return of Service as to Chesapeake (the "Chesapeake Return of Service") (ECF No. 3). The Chesapeake Return of Service stated the process server mailed the Summons and Complaint to Donatelli as resident agent of Chesapeake by certified mail, restricted delivery, and included the return receipt signed by "Dan Donatelli" on May 3, 2013.[1] (<u>Id.</u>).

On July 8, 2013, the Board filed a Request for Entry of Default as to both Defendants. (ECF No. 8). On July 25, 2013, counsel for the Board filed an affidavit stating Donatelli was also served individually by certified mail, restricted delivery (ECF No. 9), and attached a copy of the return receipt signed by "Dan Donatelli" on May 3, 2013. (ECF No. 9-2). On July 26, 2013, the Clerk entered an Order of Default as to both Defendants for failure to respond to the Complaint. (ECF No. 10). On September 5, 2013, the Board filed a Motion for Default Judgment (ECF No. 15), which the Court granted on September 23, 2013 (ECF No. 17). On October 15, 2015, Donatelli filed a Motion for Relief from Judgment. (ECF No. 22). The Board filed an Opposition to the Motion on December 2, 2015. (ECF No. 25).

Federal Rule of Civil Procedure 55(c) states a court may set aside an entry of default judgment under Rule 60(b). Generally, to support a motion under Rule 60(b), the movant must

---

[1] The Court notes Plaintiff failed to file a proof of service for Donatelli. Instead, Plaintiff filed two copies of the return receipt for Chesapeake. (ECF Nos. 4, 4-1).

make an initial showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Haley Paint Co. v. E.I. Dupont De Nemours & Co., No. RDB-10-0318, 2012 WL 1145027, at *2 (D.Md. Apr. 3, 2012) (quoting Hale v. Belton Assoc., Inc., 305 F.App'x 987, 988 (4th Cir. 2009)). When making a motion under Rule 60(b), the movant "must clearly establish the grounds therefor to the satisfaction of the district court," and such grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). A Rule 60(b)(4) Motion may be brought to set aside a void judgment at any time. Garcia Fin. Grp., Inc. v. Va. Accelerators Corp., 3 F.App'x 86, 88 (4th Cir. 2001). "Moreover, a movant claiming relief under Rule 60(b)(4) need not establish a meritorious defense." Id.

Donatelli argues the Default Judgment should be set aside under Rule 60(b)(4) because the Judgment is void due to the Court's lack of personal jurisdiction. Specifically, Donatelli states he was not properly served with process under Rule 4. Rule 4 provides that an individual may be served by (1) following the state law for serving a summons in a court of general jurisdiction in the state where the district court is located; (2) delivering a copy of the summons and the complaint to the individual personally; (3) leaving a copy of each at the individual's dwelling or usual place of abode; or (4) delivering a copy of each to an agent authorized to receive service of process for the individual. Fed.R.Civ.P. 4(e). Under Maryland law, an individual may also be personally served by mailing a copy of the summons and complaint by certified mail requesting: "Restricted Delivery—show to whom, date, address of delivery." Md. Rule 2-121(a) (West 2016); see Fed.R.Civ.P. 4(e)(1). When service is made by certified mail, the individual making service must file with the court the original return receipt, bearing the defendant's signature, or an authorized agent's signature, as proof of service. Md. Rule 2-126(a). If service is made by an individual other than a sheriff, the individual must file proof under affidavit that includes the name, address, and telephone number of the affiant and a statement that the affiant is of the age of 18 or over. Md. Rule 2-126(a)(2). The contents of an affidavit must be "affirmed under the penalties of perjury to be true." Md. Rule 1-202(b) (West 2016). Failure to prove service, however, does not affect the validity of the service. Md. Rule 2-126(g); Fed.R.Civ.P. 4(l)(3).

"A proper return of service is prima facie evidence of valid service of process" and "a mere denial of service is not sufficient" to rebut the presumption of validity. Wilson v. Md. Dep't of Env't, 92 A.3d 579, 587 (Md.Ct.Spec.App. 2014) (citing Pickett v. Sears, Roebuck & Co., 775 A.2d 1218, 1227 (Md. 2001)). The denial must be supported by "corroborative evidence by independent, disinterested witnesses." Id. (quoting Ashe v. Spears, 284 A.2d 207, 210 (Md. 1971)); see also Ashe, 284 A.2d at 210 (citing Sarlouis v. Firemen's Ins. Co., 45 Md. 241, 244 (1876) ("This is because the affirmative testimony of the official process server acting in the regular routine of duty without a motive to misrepresent must be preferred to the negative evidence of one claiming not to have been served, either for reasons of public policy or as a matter of probability.").

The Chesapeake Return of Service included the return receipt with Donatelli's signature and the process server's statement affirmed under the penalties of perjury. (ECF No. 3). Regarding service on Donatelli individually, the Board only filed a return receipt with Donatelli's signature and did not include the process server's affidavit. (ECF Nos. 4, 4-1).

Donatelli states in his affidavit that he did not sign the return receipts and did not authorize anyone to sign the receipts on his behalf. (ECF No. 22-1). The Court finds that the Chesapeake Return of Service is prima facie evidence of valid service on Donatelli as resident agent of Chesapeake and his uncorroborated denial is not sufficient to rebut the presumption of validity. Though the Board failed to file a proper return of service as to Donatelli individually, such a failure does not invalidate service on Donatelli. Nevertheless, because Donatelli has challenged the validity of service, the burden is on the Board to establish that service was valid. Ransom v. Nationstar Mortg. LLC, No. GJH-15-1647, 2016 WL 1064454, at *2 (D.Md. Mar. 14, 2016). The Board relies on the return receipt with Donatelli's signature (ECF No. 9-2), but does not provide any additional evidence demonstrating valid service, such as an affidavit from the process server. Accordingly, the Court finds that the Board has failed to meet its burden of establishing the validity of service on Donatelli individually.

The Board argues, even if it failed to make proper service, Donatelli waived his right to assert his personal jurisdiction defense under Rule 12(h)(1) because he failed to contest personal jurisdiction after receiving notice.[2] "Rule 12(h) contemplates an implied waiver of a personal jurisdiction defense by defendants who appear before a court to deny the allegations of a complaint, but who fail to make personal jurisdiction objections at the time of their appearance." Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir. 2002). Donatelli did not appear in this action prior to filing the pending Motion and, as a result, has not waived his personal jurisdiction defense.

"Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally." Ransom, 2016 WL 1064454, at *2 (quoting O'Meara v. Waters, 464 F.Supp.2d 474, 476 (D.Md. 2006)). "[E]very technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). When a default judgment has been issued without valid service of process, a court is without personal jurisdiction over the defendant and the judgment is void. Id. While it is clear Donatelli received actual notice of the action when he signed the return receipt as Chesapeake's resident agent, the Board has failed to demonstrate the validity of service on Donatelli individually. As such, the Court finds that it did not have personal jurisdiction over Donatelli and the default judgment is void. Accordingly, the Court will grant Donatelli's Motion and vacate the Default Judgment as to Donatelli.

For the foregoing reasons, Donatelli's Motion for Relief from Judgment (ECF No. 22) is GRANTED. The Default Judgment (ECF No. 17) is VACATED as to Donatelli. Donatelli shall file a response to the Complaint (ECF No. 1) within twenty-one days of the date of this

---

[2] The Board also argues the Motion is untimely; however, a motion to vacate for a void judgment pursuant to Rule 60(b)(4) can be made at any time. Garcia Fin. Grp., Inc. v. Va. Accelerators Corp., 3 F.App'x 86, 88, 89 n.3 (4th Cir. 2001) ("[T]here is no time limitation to be applied to a Rule 60(b)(4) motion, because a judgment that is "void" may be attacked at any time.").

memorandum. Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge